**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                              **No. 4:16-cr-00090-MPM-JMV**

**WAUTESSE BELL**

**MEMORANDUM OPINION**

This matter comes before the Court on Petitioner Wautesse Bell's *pro se* Motion for Sentence Reduction/Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) [347]. The Government opposes the motion [348]. The Court has reviewed the record and the applicable law and is prepared to rule.

## I.    RELEVANT BACKGROUND

In June 2017, Mr. Bell pled guilty to conspiracy (1) to possess with the intent to distribute and to distribute cocaine hydrochloride and cocaine base and (2) to defraud the United States and commit money laundering. *See* [174]. The Presentence Investigation Report reflects a total offense level of 34 and criminal history category of IV. *See* [226]. Mr. Bell had four prior felony convictions, including two drug possessions convictions between ages 23 and 28 and additional convictions, including drug possession with intent to distribute and a simple assault conviction at age 37. *Id.* As a result, his sentencing guideline range was 210 to 240 months' imprisonment. [237] at 1. On October 26, 2017, the Court sentenced Mr. Bell, then 42 years old, to 225 months' imprisonment. The Bureau of Prisons currently lists his projected release date as February 5, 2032. *See* https://www.bop.gov/inmateloc.

In December 2024, Mr. Bell petitioned the Bureau of Prisons for a sentence reduction on the same grounds asserted in the present motion. [347] at 3. The Bureau of Prisons denied that request and Mr. Bell thereafter filed the instant *pro se* motion. *Id.*

In support of relief, Mr. Bell advances two principal arguments. First, he contends that the Court's reliance on prior marijuana convictions committed when he was 23, 26, and 28 years old resulted in an unjust guideline calculation because his "male brain" was not fully developed at those ages. [347] at 19. Second, he argues that Part C of Amendment 821 to the United States Sentencing Guideline, constitutes an extraordinary and compelling reason under § 3553(a) warranting a sentence reduction. *Id.*[1]

## II.    STANDARD OF LAW

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(b). The statutory framework for modifying a final judgment is outlined in 18 U.S.C. § 3582. Section 3582(c)(1)(A)(i) of Title 18 of the United States Code permits the Court to modify a term of imprisonment once it has been imposed if it finds that (1) the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] (30) days from the receipt of such a request by the warden of the defendant's facility," (2) "extraordinary and compelling reasons warrant such a reduction," and (3) "a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. §

---

[1] Mr. Bell cites *United States v. Coleman*, 66 F.4th 108 (3d Cir. 2023), a decision that is not binding on this Court, for the proposition that the consideration of cocaine possession in calculating his base offense level and guideline range permits the Court to re-evaluate his sentence under U.S.S.G. § 1B1.13(b) and retroactively reduce it as grossly disproportionate.

3582(c)(1)(A)(i). Additionally, the court must take into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id.*

United States Sentencing Guidelines (U.S.S.G.) § 1B1.13, the applicable policy statement, states that the court has the discretion to "reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that ... extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(a)(1)(A). Section 1B1.13(b) of the U.S.S.G. sets forth the criteria for determining what qualifies as "extraordinary and compelling reasons." These include medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, whether the defendant was a victim of abuse, other reasons, and an unusually long sentence. U.S.S.G. § 1B1.13(b).

## III. DISCUSSION

Here, the parties do not dispute that Mr. Bell exhausted his administrative remedies. The Court therefore proceeds to the merits.

### A. Extraordinary and Compelling Reasons

First, Mr. Bell argues that he is eligible for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) under Amendment 821 to the United States Sentencing Guidelines. Amendment 821, effective November 2023, introduced significant changes to the calculation of criminal history and offense levels. Parts A and B of Amendment 821 were included in U.S.S.G. § 1B1.10(d) list of amendments which can be applied retroactively. U.S.S.G. § 1B1.10(d). Part C was not. *Id.*

"Part C provides that a downward departure may be warranted if the defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person." Amendment 821, UG, Supplement to Appendix C (Nov. 1, 2023). These are not the facts here. The record reflects that Mr. Bell's prior drug

3

possession convictions were felony offenses for which he served three-year sentences. Since Amendment 821, Part C is not retroactive and does not apply to Mr. Bell's criminal history, it does not provide a basis for sentence reduction under § 3582(c)(2) or constitute an extraordinary and compelling reason under § 3582(c)(1)(A).

Next, Mr. Bell also contends that convictions committed in his twenties should carry reduced weight because his brain was not fully developed. The Court is not persuaded. Mr. Bell continued to engage in criminal conduct well into adulthood, including a felony drug conviction and a simple assault committed at age 37. Additionally, his offense conduct in this case occurred when he was 42 years old. These facts undermine the assertion that youthful immaturity explains his criminal history. The Court therefore finds that neither Mr. Bell's age at the time of earlier convictions nor Amendment 821, Part C constitutes an extraordinary and compelling reason for relief.

## B. Section 3553(a) Factors

Even if extraordinary and compelling reasons existed, the § 3553(a) factors weigh against a sentence reduction. Mr. Bell has a multi-decade history of criminal conduct extending from his early twenties through his forties. He accumulated four felony convictions before the instant offenses, reflecting a pattern of recidivism. His behavior while incarcerated further weighs against relief. While in the custody of the Bureau of Prisons since 2017, Mr. Bell has received disciplinary sanctions for fighting another inmate and for possession of tobacco and cellphones. This conduct demonstrates continued disregard for rules and undermine arguments concerning rehabilitation and deterrence.

Considering the 18 U.S.C. § 3553(a) sentencing factors "the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to

4

promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; [and] to protect the public from further crimes of the defendant[,]" the Court finds that the original sentence remains appropriate. Requiring Mr. Bell to serve the remainder of his sentence does "provide just punishment for the offense" and "adequate deterrence to criminal conduct." Mr. Bell has not demonstrated extraordinary and compelling reasons warranting a reduction in his sentence, and the applicable § 3553(a) factors weigh against relief.

**IV.  CONCLUSION**

For the reasons stated above,

IT IS, THEREFORE, ORDERED that Petitioner Wautesse Bell's *pro se* Motion for Sentence Reduction [347] is DENIED.

SO ORDERED this 5th day of January, 2026.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI